UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL D. BLAIR,

       Plaintiff,

v.    Case No. 8:10-cv-1992-T-17AEP

PINELLAS COUNTY SHERIFF JIM COATS,

       Defendant.
_____

## O R D E R

This cause is before the Court on Defendant Coats' Rule 12(b)(b) motion to dismiss Plaintiff Blair's 42 U.S.C. § 1983 civil rights complaint (Doc. 21), and Plaintiff's motion in response to the motion to dismiss incorporating a motion for oral argument on the motion to dismiss. (Doc. 22).

### Background

Plaintiff was a prisoner at the Pinellas County Jail when he filed a pro se civil rights complaint form in which he alleges: 1) he is being denied meaningful access to the law library and legal research; 2) he is not receiving adequate medical care; 3) he has been assaulted during his incarceration; 4) the jail is overcrowded; 5) the jail's dining facilities are insufficient; 6) the toilet and shower facilities are unsanitary and malfunction; 7) bedding materials are not sufficiently clean; 8) clothing is not issued promptly and is not fully cleaned; 9) the footwear provided to inmates is inadequate; and 10) the meals served to inmates are insufficient and improperly prepared. (Doc. 1 at 8-9d). Plaintiff Blair has now been released. (Doc. 23).

The only Defendant identified by the Plaintiff is Sheriff Jim Coats. Plaintiff claims that the Defendant violated his right to due process under the Fifth Amendment, and his right to be free of cruel and unusual punishment under the Eighth Amendment. (Doc. 1 at 8). The Plaintiff also cites to the Sixteenth Amendment, which gives Congress the power to lay and collect taxes, as a basis for his claim that he has been subjected to cruel and unusual punishment. (Id.) Plaintiff seeks one million dollars as compensatory damages for pain, suffering and mental anguish; an additional award of twenty-five million dollars in punitive damages; and equitable relief. (Doc. 1 at 10).

In 2007, Plaintiff Blair filed suit in this Court raising many of the same claims against this Defendant in a case styled, Blair v. Jim Coates, et al., Case No. 8:07-cv-1781-T-30MSS. That case was dismissed for failure to state a claim on January 15, 2008.

## STANDARD OF REVIEW FOR RULE 12(b)(6) MOTION TO DISMISS

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court expressly "retired" the "no set of facts" pleading standard under Rule 8(a)(2) that the Court

had previously established in *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Twombly*, 550 U.S. at 563.

While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. at 555-56.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

The Supreme Court has since applied the *Twombly* plausibility standard to another civil action, *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009). In evaluating the sufficiency of Iqbal's complaint in light of *Twombly's* construction of Rule 8, the Court explained the "working principles" underlying its decision in *Iqbal.* 129 S. Ct. at 1949.

First, the Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, restating the plausibility standard, the Court held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'-'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The Court suggested that courts considering motions to dismiss adopt a "two-pronged approach" in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* **Importantly**, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* at 1951-52 (quoting *Twombly*, 550 U.S. at 567). Finally, the Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to all civil actions because it is an interpretation of Rule 8. *Id.* at 1953.

These rulings of the Supreme Court suggest that when courts are considering motions to dismiss they should adopt a two-pronged approach; first, eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010).

While the reviewing court should assume the veracity of certain factual allegations the Supreme Court held in *Iqbal*, as it had in *Twombly,* that courts do not have to afford the

same deference to a plaintiff's inferences, and instead may infer from the factual allegations in the complaint obvious alternative explanations which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.*

Review of whether a Plaintiff has stated a plausible claim that the Sheriff is liable for damages to Plaintiff under 42 U.S.C. § 1983 involves a distinct analysis from claims against individual defendants since a governmental entity may not be held liable under a simple theory of *respondeat superior* under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

A plaintiff pursuing relief under § 1983 from official capacity defendants must go beyond showing a constitutional violation by Defendant's employee to further demonstrate that the deprivation of a constitutional right resulted from either: (1) an action taken or policy made by an official responsible for making final policy in that area . . .; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker. *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir.1994). Thus, a § 1983 action also requires proof of an affirmative causal connection between an official's acts or omissions, and the alleged constitutional deprivations. *Bailey v. Board of County Commissioners of Alachua County*, 956 F.2d 1112 (11th Cir.), *cert. denied,* 506 U.S. 832 (1992).

Ultimately, "like complaints in all other cases, complaints in § 1983 cases must now 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir.2010) (quoting *Bryson v. Gonzales*, 534 F.3d 1282 (10th Cir.2008)(additional citations omitted).

## DISCUSSION

Inadequate Medical Care

Plaintiff Blair has alleged that he asked to see a doctor about problems with his eyesight (Doc. 1 at 9c). He reports that he was been seen by two nurses who after examination reported that his problems were age-related and that he would have to seek care from a specialist after his release. Id.

There is no factual basis in the Complaint to show the Court that Plaintiff has a medical need objectively serious enough to be diagnosed by a physician as mandating treatment or one that was so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006)(citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994)).

The facts alleged also fail to satisfy the subjective component of the test for this type of constitutional violation, which requires a showing that a prison official acted with deliberate indifference to the prisoner's serious medical need. *Gobert, Id.* Therefore Plaintiff has not made out the most basic elements of a plausible case that Defendant had: (1) subjective knowledge of a risk of serious harm; (2) disregarded that risk; (3) through conduct that is more than gross negligence. *Gobert* at 347. Plaintiff's allegations describe a disagreement about the course of action recommended by medical staff, not deliberate indifference in violation of the Eighth Amendment.

Plaintiff's claim of deliberate indifference against the Sheriff also does not demonstrate that the Sheriff was directly involved with the care or control of inmates such as Plaintiff. Therefore, the Sheriff can only be found liable if the policies or customs that

were established resulted in deliberate indifference by subordinates that was the proximate cause of a constitutional injury.

Since Plaintiff makes no allegation that Sheriff Coats had direct contact with him to know personally about his medical complaints, and he does not reference any policy or custom of the Defendant that caused him to be deprived of his constitutional rights, there is no causal connection and Plaintiff's claim is an impermissible attempt to found liability on the doctrine of *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Wilson v. Attaway*, 757 F.2d 1227, 1241 (11th Cir.1985).

### Law Library Access

According to Plaintiff's claim, he was denied "meaningful" access to the law library and legal research by the Defendant in an effort to "prevent inmates from filing civil actions against him." (Doc. 1 at 9d)

The Supreme Court has held that its decision in *Bounds v. Smith*, 430 U.S. 817 (1977) did not establish a right to a law library or legal assistance; rather the right *Bounds* recognized was the right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). In order to state an access-to-court claim, a plaintiff must show actual injury before seeking relief, not "merely allege a denial of access to a law library. . ." *Wilson v. Blankenship*, 163 F.3d 1284, 1290-1291 (11th Cir.1998).

Even if Plaintiff's pro se claim is liberally construed as a denial of access-to-court claim, then in order for it to be plausible on its face the factual allegations must show how the Defendant's conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement. *Wilson* at 1290. The

Plaintiff does not, and cannot, show that he has been impeded from pursuing either action in the courts.

Plaintiff's complaint has failed to show the requisite injury, therefore since Plaintiff has failed to meet the Eleventh Circuit's standard for access-to-court claims as set forth in *Wilson* he has failed to state a cause of action under 42 U.S.C. § 1983. Plaintiff has also failed to allege sufficient facts to establish a basis for finding the Sheriff liable under the *Monell* standard.

### Security

Plaintiff alleges he was assaulted while incarcerated at the Pinellas County Jail and that "jail staff does not patrol the cell block regularly or pay attention to any calls for help." (Doc. 1 at 9c).

While jail and prison officials have a duty to protect inmates from violence at the hands of other inmates, every injury suffered by one inmate at the hands of another does not translate into constitutional liability. *See Farmer v. Brennan*, 511 U.S. 825, 833 -834 (1994); *see also, Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir.2003). In order for officials to be liable under § 1983 for such injury, they must be subjectively aware of a substantial risk of serious harm, and then fail to respond reasonably to that risk -- in other words, they must be deliberately indifferent to a substantial risk that results in injury. *Id.* at 1349.

Even assuming the veracity of Plaintiff's vague allegations, he has not demonstrated facts that make it plausible that he was injured because Defendant was subjectively aware of specific facts regarding a substantial risk to Plaintiff's harm, and acted unreasonably in

light of the known risk. *Carter,* 352 F.3d at 1349. Thus, Plaintiff's allegations do not state a plausible cause of action.

## Other Conditions of Confinement Claims

The Plaintiff's remaining claims identify a variety of other disagreements he has with the conditions of his confinement. In sum, he contends that his food, clothing and shelter amount to cruel and unusual punishment. An Eighth Amendment claim may be found where state officials fail to provide prisoners with reasonably adequate food, clothing, shelter, and sanitation. *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir.1985), cert. denied 475 U.S. 1095 (1986). Among the essential elements required by the Eleventh Circuit to prevail on such a claim, a plaintiff must prove: (1) a condition of confinement that inflicted unnecessary pain or suffering; (2) the defendant's "deliberate indifference"; and (3) causation. See *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir.1993), *cert. denied*, 510 U.S. 1164 (1994).

In his prior suit Plaintiff's similar complaints were reasonably characterized by the court as "minor discomforts rather than constitutional violations." *Blair v. Jim Coates, et al.*, No. 8:07-cv-01781-JSM-MSS (Doc.19) (Jan. 15, 2008). Once again, Plaintiff's allegations do not establish the deprivation of a basic human need, i.e. reasonably adequate food, clothing, shelter, and sanitation. *Hamm*, 774 F.2d at 1572. Plaintiff's allegations also fail to provide facts that would make it plausible that the Defendant wantonly permitted constitutionally infirm conditions to persist. Therefore Plaintiff fails to satisfy the necessary subjective component at the core of any such claim, i.e. that Defendant was deliberately indifferent. *LaMarca* at 1535.

Plaintiff has failed to show that he has been deprived of his Eight Amendment right to be free of cruel and unusual punishment as a result of Defendant's deliberate indifference.

Accordingly, the Court orders:

That Defendant's motion to dismiss the complaint (Doc. 21) is granted. Plaintiff's complaint is dismissed. The Clerk is directed to terminate any pending motions and to close this case.

ORDERED at Tampa, Florida, on December 30, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Michael D. Blair